### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| ILLINOIS CHEER EXTREME ATHLETICS, INC., | ) | |
| A CORPORATION, BRADLEY ABRAHAMS, and | ) | |
| JANE DOE INDIVIDUALLY AND AS MOTHER | ) | |
| AND NEXT FRIEND OF JILL DOE, A MINOR, | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT
### AND OTHER RELIEF

Plaintiff, NATIONWIDE MUTUAL INSURANCE COMPANY ("NATIONWIDE"), by

and through its counsel, Karbal, Cohen, Economou, Silk & Dunne, LLC, hereby sues ILLINOIS

CHEER EXTREME ATHLETICS, INC. ("ICE"), BRADLEY ABRAHAMS ("Abrahams") and

JANE DOE, Individually and as Mother and Next Friend of Jill Doe, a Minor (hereinafter

referred to as the "Doe Defendants" or "Underlying Plaintiffs"), and seeks Declaratory Judgment

pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. In support

hereof, Nationwide states as follows:

### PARTIES

1.     At all pertinent times, Nationwide was, and still is, an insurance company

organized and existing under the laws of the State of Ohio, with its principal place of business in

Ohio.

2.     At all pertinent times, on information and belief, ICE is an Illinois corporation

with its principle place of business and facilities located in Naperville, DuPage County, Illinois.

3.      At all pertinent times, on information and belief, Abrahams is a citizen and domicile of the State of Illinois and an employee of ICE.

4.      At all pertinent times, on information and belief, the Doe Defendants are citizens and domiciles of the State of Illinois.

5.      ICE and Abrahams are defendants in an underlying lawsuit styled, *Jane Doe, Individually and as Mother and Net Friend of Jill Doe, a minor v. Illinois Cheer Extreme Athletics, Inc. and Bradley Abrahams*, Case No. 10 L 370, in the 18th Judicial Circuit Court for DuPage County, Illinois (the "Underlying Lawsuit").

6.      The Doe Defendants are named in this matter only as parties with a possible interest in the insurance dispute.  In the event the Doe Defendants agree to be bound to the final judgment in this matter, Nationwide agrees to dismiss them from this lawsuit.

## JURISDICTION AND VENUE

7.      This declaratory judgment action is brought pursuant to  28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

8.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

9.      Venue is proper in the United States District Court of the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims asserted below occurred within this judicial district.

## FACTUAL BACKGROUND

10.      On March 15, 2012, Underlying Plaintiffs filed the Underlying Lawsuit against ICE and Abrahams (the "Underlying Defendants").

11.      According to the Complaint, Abrahams was a shareholder, officer, coach and employee of ICE.  A copy of the Complaint in the Underlying Lawsuit is attached hereto and incorporated herein as Exhibit "A."  *See*, Exhibit A.

12.      Underlying Plaintiffs provide details of alleged acts of sexual misconduct by Abrahams both prior to and after his involvement with Jill Doe and ICE.

13.      Underlying Plaintiffs characterize Jill Doe as a business invitee of ICE and state that she was present on ICE's premises for the purpose of receiving care, instruction and supervision in the sport of cheerleading from Underlying Defendants.

14.      Underlying Plaintiffs also allege that Abrahams, as a coach, held a position of trust, supervision and authority over Jill Doe and that Underlying Defendants were the voluntary custodians of Jill Doe.

15.      Underlying Plaintiffs assert that prior to 2006, ICE had actual notice of Abrahams' dangerous criminal propensities to sexually assault young girls in the course of providing cheerleading instruction, care and supervision.

16.      According to Underlying Plaintiffs, beginning in December 2005, Abrahams made sexual advances toward Jill Doe and on various occasions during the period March 1, 2006 - April 30, 2006, Abrahams "knowingly committed an act of sexual penetration" on Jill Doe while in different locations in ICE's facilities.

17.     In addition, during the period December 2005 – March 2006, Abrahams allegedly "knowingly had sexual contact" with Jill Doe on four occasions while at his house located in Kane County, Illinois.

## THE POLICY

18.     Nationwide issued Policy No. 6B RPG 1293200 to Sports, Leisure & Entertainment RPG dba Amateur Teams & Leagues ("Sports, Leisure & Entertainment") for the period  May 6, 2005 – March 1, 2007  (the "Policy").     The Declarations Extension (Form No. SRPG17384) states that the named insured includes Sports, Leisure & Entertainment and "its member teams and leagues whose names are on file with the company and for which a premium has been paid and to whom a certificate of insurance has been issued."  Nationwide issued a certificate of insurance to ICE for the period May 25, 2005 - 2006.  A true and correct copy of the Policy is attached hereto and incorporated herein as Exhibit "B."  *See*, Exhibit B.

19.     Pursuant to the "Who Is An Insured" provision of the Policy, if the named insured is designated in the Declarations as "[a]n organization other than a partnership, joint venture or limited liability company, you are an insured" and "[y]our 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors."

20.     Plaintiff alleges that Abrahams was "a shareholder, officer, coach and employee" of ICE.

21.     The Policy provides Commercial General Liability coverage pursuant to Form No. CG 00 01 10 01 (the "Commercial General Liability Coverage Form").

22.     The insuring agreement for Section I - Coverages, Coverage A Bodily Injury and Property Damage Liability in this form provides that Nationwide "will pay those sums that the

insured becomes legally obligated to pay as damages because of 'bodily injury' … to which this insurance applies …."

23.     The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

24.     Pursuant to the Expected or Intended Injury Exclusion, coverage is not available for bodily injury "expected or intended from the standpoint of the insured."

25.     Pursuant to the Abuse Or Molestation Exclusion (Form No. CG 21 46 07 98), coverage is not available for bodily injury

> arising out of:
> 1.  The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
> 2.  The negligent:
>     a.  Employment;
>     b.  Investigation;
>     c.  Supervision;
>     d.  Reporting to the proper authorities, or failure to so report; or
>     e.  Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph 1. above.

26.     A "change endorsement" (Form No. IL 12 01 11 85) in the Policy states that "Coverage provided by Form SRPG2146, Abuse or Molestation Endorsement, applies only when the insured member enrolls and pays for the optional abuse or molestation coverage."

27.     The Abuse or Molestation Endorsement (Form No. SRPG2146) states:

> Except as provided below, this insurance does not apply to any claim or suit brought against any insured alleging "bodily injury" … arising, in whole or in part, out of:
> 1.  The actual or threatened abuse or molestation by any insured of any person, or

2. The negligent:
   a. Employment;
   b. Investigation;
   c. Supervision;
   d. Reporting to the proper authorities, or failure to so report; or
   e. Retention

   of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.

   Notwithstanding the foregoing, the Company will reimburse you for "defense costs" which result from a claim in any way arising out of any such abuse or molestation. We have no obligation or duty to defend against any claim arising out of abuse or molestation.

   \* \* \* \*

   The most we will reimburse you for 'defense costs' arising out of any one abuse or molestation claim is $100,000 and shall not exceed $100,000 in the aggregate during the policy period for 'defense costs' arising from all such abuse or molestations claims.

28.    ICE paid a premium for the optional defense reimbursement coverage.

29.    ICE tendered the defense of the Underlying Lawsuit to Nationwide.

30.    Pursuant to a reservation of rights, Nationwide has agreed to reimburse ICE for its defense expenses up to the $100,000 limit in the Sexual Molestation Endorsement. A copy of Nationwide's letter of October 15, 2010 is attached hereto and incorporated herein as Exhibit "C." *See* Exhibit C.

31.    To date, Nationwide has reimbursed ICE approximately $50,650.06 toward its defense of the Underlying Lawsuit and anticipates ICE's defense bills to exceed this $100,000 limit.

## COUNT I – DECLARATORY RELIEF

32.     Nationwide adopts and incorporates by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

33.     There is an actual, present and existing controversy between Nationwide and the Underlying Defendants regarding Nationwide's obligations under the Policy in connection with the Underlying Lawsuit.

34.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-2202, Nationwide seeks a judicial declaration of its rights and duties under the Policy.  The Court's declaration will confer certainty on the parties and serve the interests of justice.

35.     Coverage is precluded for Abrahams to the extent he is not an insured with respect to allegations contained in the Underlying Lawsuit involving the sexual molestation of a minor.

36.     The allegations of sexual molestation of a minor in the Underlying Lawsuit do not constitute an "occurrence," as that term is defined by the Policy.

37.     The allegations of sexual molestation in the Underlying Lawsuit fall within the scope of the Expected or Intended Injury Exclusion.

38.     Pursuant to the Abuse or Molestation Endorsement, Nationwide's obligation, if any, under the Policy is limited to the reimbursement of ICE's defense costs in connection with the Underlying Lawsuit up to $100,000.

39.     In addition to the foregoing provisions, Nationwide pleads all other conditions, terms, warranties, limitations, definitions and exclusions of the Policy, which also may be found to be applicable as Nationwide's investigation of this matter continues, and reserves the right to amend its Complaint as additional and/or more specific information becomes available.

WHEREFORE, Plaintiff, Nationwide Mutual Insurance Company, respectfully requests that this Court enter an Order declaring the rights and obligations of the parties under the Policy, including, but not limited to, declaring that:

A.  Nationwide has no duty to defend Abrahams for the Underlying Lawsuit;

B.  Nationwide has no duty to indemnify Abrahams for the Underlying Lawsuit;

C.  Nationwide has no duty to defend ICE for the Underlying Lawsuit;

D.  To the extent that coverage is available to ICE in the first instance, Nationwide's duties are limited to reimbursement of defense costs in an amount up to $100,000;

E.  Upon Nationwide's reimbursement of defense costs in the amount of $100,000, its obligations, if any, to ICE are exhausted and it can cease reimbursing ICE for its defense;

F.  Nationwide has no duty to indemnify ICE for the Underlying Lawsuit; and

G.  Nationwide be awarded such further relief as it deems necessary and proper, including, but not limited to, an award of costs to Nationwide.

Dated: November 27, 2012

Respectfully submitted,

**NATIONWIDE MUTUAL INSURANCE COMPANY**

By: _____s/Linda J. Carwile_____
             One of Its Attorneys

Roderick T. Dunne, Esq.
Linda J. Carwile, Esq.
Christopher D. Blum, Esq.
**KARBAL, COHEN, ECONOMOU,
SILK & DUNNE, LLC**
150 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 431-3700 - Office
(312) 431-3670 - Fax
rdunne@karballaw.com
lcarwile@karballaw.com
cblum@karballaw.com